# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| PATRICK WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 05-0646-CV-W-FJG |
| vs. ) | |
| ) | |
| ADT SECURITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is plaintiff's motion for extension of time to serve defendant (Doc. No. 6).

**I.    Background**

Plaintiff filed his complaint on July 20, 2005, and had a service deadline of November 17, 2005. Plaintiff did not timely indicate that defendant had been served, nor had plaintiff moved for an extension of time to make service before the service deadline had passed. On December 7, 2005, at 10:51 a.m., the Court ordered plaintiff to show cause in writing on or before December 29, 2005, why this matter should not be dismissed for failure to prosecute.

On December 29, 2005, plaintiff filed a response to the show cause order (Doc. No. 5), attaching a waiver of service signed by defendant's counsel on or about December 7, 2005. Plaintiff also filed a motion for extension of time to serve defendant (Doc. No. 6), seeking an additional 30 days in which to effect service on defendant. Within this motion,

plaintiff's counsel details how she has filed other lawsuits against defendant ADT alleging racial discrimination (as does this lawsuit). Plaintiff's counsel states she told defendant's counsel at some point in time that "she represented the additional parties and suits would be forthcoming." Plaintiff's counsel indicates that one of the previous cases she had filed was set for trial on the October 2005 accelerated docket; however, when that case was continued, she then set about preparing "petition packets in Arnold and Webb to be sent to defense counsel's firm in Indiana.[1] Plaintiff's counsel states that when she did not receive a waiver of service in either of these two cases, she e-mailed defendant's counsel on November 11, 2005, and inquired where the signed waivers were for this matter.[2]

Plaintiff's counsel suggests that defendant's counsel responded and said the files may have been shipped to their Kansas City office.[3] Plaintiff's counsel then states that "When reviewing Mr. Webb's file in December 2005, counsel discovered there was no signed waiver for Webb. Counsel then contacted defense counsel in Kansas City and asked a Waiver be sent over. While initially, [sic] opposing counsel insisted the Defendant would prefer personal service, after further discussions, Defendant's [sic] consented and allowed counsel to accept service."

Defendant further elaborates on the factual record, noting that plaintiff Webb was involuntarily terminated from employment by defendant on July 25, 2001. Defendant notes

---

[1] Notably, plaintiff's counsel does not attach a copy of any correspondence forwarded to defendant's counsel in October 2005.

[2] However, upon inspection of the e-mail message attached to plaintiff's motion, it is apparent that the message only refers to the Arnold case, not Webb.

[3] Again, plaintiff provides no evidentiary support for this statement.

-2-

that the statute of limitations for plaintiff's 42 U.S.C. § 1981 claim is four years, and this lawsuit was not filed until July 20, 2005, on the eve of expiration of the statute of limitations. Defendant notes that the Court's order to show cause was issued almost three weeks after the expiration of the 120-day limit on service, and only on that date did plaintiff's counsel request a waiver of service of summons from defendant's counsel in Kansas City.[4] Defendant states that, "Consistent with the duty under Rule 4(d) to avoid unnecessary costs of serving the summons, but without waiving any defenses or objections except those based on a defect in the summons or in the service of the summons, Mr. Prophete [defendant's counsel] promptly executed and returned the waiver of service."

## II.     Standard

Fed.R.Civ.P. 4(m) states:

Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

In Colasante v. Wells Fargo Corp. Inc., 211 F.R.D. 555 (S.D.Iowa 2002), the Court stated:

In deciding whether to extend the 120-day period, the district court should first determine whether good cause exists. . . . If the district court finds good cause for the delay, the court *must* extend time for service, thus ending the inquiry. . . . If plaintiff fails to show good cause, the court still *may* extend the

---

[4]Defendant's counsel attaches an e-mail from plaintiff's counsel at 1:46 p.m. on December 7, 2005, to defendant's counsel. Notably, this is several hours after the issuance of the Court's Order to Show Cause.

-3-

time for service rather than dismiss the case without prejudice.

Id. at 558 (internal citations and quotations omitted). The court observed that "[a] precise definition of good cause cannot be gleaned by reference to the language of the rules themselves. . . . A showing of good cause requires at least excusable neglect - good faith and some reasonable basis for noncompliance with the rules." Id. (internal citations and quotations omitted).

However, even in the absence of good cause, a court may in its discretion extend the time for completing service. In Colasante the court used the factors enunciated by the Supreme Court in Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993) in determining whether plaintiff had shown "excusable neglect" sufficient to justify a discretionary extension of time. The "Pioneer Factors" include: prejudice to the defendant, the length of the delay and its impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith. See id. "[A]bsence of prejudice to a defendant, standing alone, does not constitute excusable neglect." Lau v. Klinger. 46 F.Supp.2d 1377, 1380 (S.D.Ga. 1999). Furthermore, "[g]ood faith, which is defined as 'the faithfulness to one's duty or obligation,' requires more than a half-hearted effort to timely serve the Defendant." Id. at 561 (quoting Black's Law Dictionary 700 (7th ed. 1999)). The Court in Colasante noted, "[t]he lesson to the federal plaintiff's lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb." Id. at 562 (quoting Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298 1307 (3d Cir. 1995)).

### III.     Analysis

-4-

In plaintiff's motion for extension of time, plaintiff suggests that good cause for a mandatory extension has been demonstrated in that (1) defendant has "now in fact been served by executing the waiver of service. In this regard, it would seem that Defendant has waived any right to challenge to [sic] late service."; (2) counsel for both parties "have been involved in virtually exact [sic] litigation in at least two other matters," and plaintiff's counsel informed defendant's counsel that other matters including this one would be filed; and (3) plaintiff has "diligently been attempting service since the court's continuance of the prior matter." In the alternative, in the event that the Court does not find good cause, plaintiff requests a permissive 30-day extension.

Defendant compares this case to Colasante, cited above, noting that in Colasante, delayed efforts in arranging for service along with a failure to timely request an extension of time from the district court did not support good cause or excusable neglect sufficient to grant an extension of time. In Colasante, plaintiff's counsel filed the lawsuit one day before the expiration of the statute of limitations, and then did not achieve service until the 121st day after the complaint was filed. The Court found that "the running of the statute of limitations does not require the district court to extend time for service of process." 211 F.R.D. at 558 (quoting Adams v. AlliedSignal General Aviation Avionics, 74 F.3d 882, 887-888 (8th Cir. 1996). Additionally, the Court in Colasante found that "neither 'reliance upon a third party of process server' nor 'half-hearted efforts by counsel to effect service' constitute good cause." Id. at 559 (quoting Petrucelli v. Bohringer and Ratzinger, GMBH, 46 F.3d 1298, 1307 (3d Cir. 1995)). Further, with respect to "excusable neglect," the Colasante court found that plaintiff's only arguments went to the issues of (1) lack of prejudice to defendant, and (2) a short length of delay that did not impact judicial

-5-

proceedings. Id. at 561. The Colasante court, however, applied the remaining Pioneer factors and found that (1) the reason for the delay was plaintiff's inattention; (2) the delay was in the plaintiff's control; and (3) absence of "bad faith" does not equal good faith, rather good faith is the "faithfulness to one's duty or obligation," and "requires more than a half-hearted effort to timely serve defendant." Id. (quoting Black's Law Dictionary 700 (7th ed. 1999); Petrucelli, 46 F.3d at 1307). After weighing the factors, the Colasante court concluded that without a showing of special circumstances, plaintiff's inattention to detail and deadlines did not provide the Court a basis upon which to relieve plaintiff from the consequences of failure to timely serve the complaint. See id. at 562.

This case is similar to Colasante. First of all, there has been no showing by plaintiff of good cause, which requires some reasonable basis for noncompliance with the rules. Further, the Court believes that plaintiff has not established excusable neglect sufficient to warrant an extension of time. As discussed by defendant, there is little evidence plaintiff made any effort to achieve service prior to the end of the 120-day deadline; plaintiff never obtained a summons, and provided no evidence she requested a waiver from defendant until after the Court issued its order to show cause.[5] Plaintiff filed no request for an extension of time until after the 120-day period had passed and the Court issued its Order to Show Cause. Furthermore, there is no evidence that defendant attempted to frustrate service. Therefore, the delay in service was due to the inattention fo plaintiff and entirely in plaintiff's control. These factors weigh toward denial of the motion for extension of time.

---

[5]Plaintiff states in the reply brief that "Plaintiff served the Defendant prior to this Court's Order to Show Cause . . . ." However, the time stamp on the Court's Order to Show Cause is earlier than the e-mail plaintiff's attorney sent to defendant's attorney requesting a waiver of service.

-6-

Additionally, plaintiff's arguments rely on lack of "bad faith" rather than a showing of diligence in achieving service. As discussed above and in defendant's response to plaintiff's motion for extension of time, plaintiff's efforts at service were half-hearted, and were based on the assumption that ADT would execute a waiver of service (something which ADT was not obligated to do).[6] This factor weighs toward denial of the motion for extension of time.

Further, defendant indicates that allowing plaintiff an extension of time for service would prejudice defendant in that, absent an extension of time to accomplish service, the statute of limitations would foreclose plaintiff's claims. This factor weighs toward denial of the extension of time.

Even though the delay in serving the complaint has had a negligible impact on judicial proceedings, a consideration of all the Pioneer factors demonstrates that plaintiff should not be granted a discretionary extension of time in which to serve his complaint. Here, plaintiff's inattention to detail and deadlines, without some showing of special circumstances, does not provide the Court a basis upon which to relieve plaintiff from the consequences of his failure to timely serve the complaint. Even though the Court recognizes that denial of the motion for extension of time will operate as a dismissal on the merits as the statute of limitations has now run on plaintiff's claims, "[t]he lesson to the federal plaintiff's lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb." Colasante, 211 F.R.D. at 562 (quoting Petrucelli v. Bohringer

---

[6]Defendant also notes that it waived service of summons only under its own duty under Rule 4(d) "to avoid the unnecessary costs of serving the summons," but did not waive any right to challenge the late service of the complaint.

-7-

& Ratzinger, 46 F.3d 1298 1307 (3d Cir. 1995)).

Accordingly, plaintiff's motion for extension of time to serve defendant (Doc. No. 6) is **DENIED**.  This case is **DISMISSED.**

**IT IS SO ORDERED.**

      /s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
United States District Judge

Dated:    February 2, 2006
Kansas City, Missouri